This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANDRINA LYNN BROWN,**

Petitioner-Appellee,

v.                                                              **NO. 34,695**

**SCOTT MATZ,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

Andrina Lynn Brown
Albuquerque, NM

Pro Se Appellee

Scott Matz
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Respondent has appealed from an award of child support arrears to Petitioner.

We previously issued a notice of proposed summary disposition in which we proposed

to uphold the district court's decision. Respondent and Petitioner have filed responsive memoranda. After due consideration, we affirm.

{2} We previously set forth the pertinent background information in the notice of proposed summary disposition. We will focus here on the content of the memorandum in opposition.

{3} Respondent continues to argue that the award of arrears to Petitioner was improper, because the child has reached the age of majority and because Petitioner received public assistance. [MIO 1–2] However, as we previously observed, neither of these considerations diminish Respondent's child support obligation. *Tedford v. Gregory*, 1998-NMCA-067, ¶¶ 13, 24, 125 N.M. 206, 959 P.2d 540 (observing that an action may be maintained to recover child support arrears even after the child has reached the age of majority, and holding that a father's duty to provide financial support is unaffected by any money received from other sources). We therefore reject Respondent's first assertion of error.

{4} Second, Respondent renews his claim of judicial bias. [MIO 2-3] However, his continuing reliance upon adverse rulings is unavailing. *See State v. Fernandez*, 1994-NMCA-056, ¶ 21, 117 N.M. 673, 875 P.2d 1104 ("The mere fact that a judge has consistently ruled for or against one party cannot, standing alone, provide a basis for a finding of judicial bias." ). And we remain unpersuaded that any familiarity between

the judge and Mr. Vickers, who is not on the court staff, supplies a basis for disqualification. *See* Rule 21-211 NMRA (governing judicial disqualification).

{5} Third and finally, Respondent continues to argue that the district court erred in "allow[ing] Petitioner to commit perjury" relative to the allegations of rape. [MIO 3] However, as we previously observed, Petitioner was entitled to present her case. *Burnside v. Burnside*, 1973-NMSC-091, ¶ 16, 85 N.M. 517, 514 P.2d 36. And although Respondent contends that Petitioner "has no evidence," [MIO 4] Petitioner's testimony constitutes evidence. *See State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 (observing that the testimony of a single witness constitutes substantial evidence). As such, we perceive no merit to Respondent's assertions of error.

{6} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{7} **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

3

_____

**CYNTHIA A. FRY, Judge**